O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, | ) ) ) | Case No. CV 09-04916 DDP (Cwx) |
| Plaintiff, | ) ) | **ORDER GRANTING COUNTERDEFENDANT'S MOTION TO DISMISS COUNTERCLAIM** |
| v. | ) ) | |
| PERSONAL COMMUNICATIONS DEVICES, LLC, | ) ) ) | [Motion filed on 7/12/10] |
| Defendants. | ) ) | |

Presently before the court is Counterdefendant Platinum Cargo Logistics' ("Platinum") Motion to Dismiss Counterclaim. After reviewing the materials submitted by the parties and hearing oral argument, the court grants the motion to dismiss and adopts the following order.

**I.   Background**

On or around October 2, 2008, PCD tendered seven separate consigned shipments containing mobile phones to Platinum. (Amended Counterclaim ¶ 9.) PCD alleges that, together, the seven shipments were worth $7,692,149.60. (Id.) PCD elected a declared value of

$35,000 for each shipment (totaling $245,000 for all seven shipments) on the bill of lading. (Cntclm. ¶ 87.) Platinum accepted the declared value of $35,000 in lieu of its standard limitation of liability of 50 cents per pound. (Id.) According to PCD, the parties agreed that each consigned shipment would be shipped "less than trailer load," i.e., that the shipments would not be consolidated without notification. (Cntclm. ¶ 70.) In contravention of the parties agreement, PCD contends, Platinum consolidated the seven shipments without providing notification. (Id.) Because PCD's shipping insurance policy contained a $5 million dollar per truckload limit, Platinum's consolidation of the shipment exposed PCD to considerable risk (approximately $2.6 million of uninsured exposure). (Cntclm. ¶¶ 71-72.)

Platinum, the Complaint alleges, subcontracted carriage of the shipment to Defendant Celestial Freight Solutions, LLC ("Celestial"). (Cntclm. ¶ 74.) On October 2, 2008, two drivers from Celestial picked up the shipment to transport it from Carson, CA to Louisville, Kentucky. (Id.) On October 3, 2008, the two Celestial drivers reported the truck, trailer, and shipments stolen. (Cntclm. ¶ 76.) The shipment was never recovered. (Cntclm. 78.)

PCD submitted timely claims to its insurer, Fireman's Fund, but the claims were denied on the grounds that Platinum and its agents were responsible for the loss of the shipment. (Cntclm. ¶ 12-13.) Fireman's Fund sought a declaratory judgment denying coverage. (Compl. ¶ 48.[1]

---

[1] The ultimate question regarding insurance coverage is not
(continued...)

2

In a related case, SACV-09-516-DDP (ANx), PCD brought Carmack Amendment and state law claims against Platinum. On October 6, 2009, this court dismissed all state law claims as preempted by the Carmack Amendment. Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Docket # 37, SACV-09-516-DDP (Anx).

PCD proceeded to bring a counterclaim in this case against Platinum and Celestial under the Carmack Amendment, 49 U.S.C. § 14706 and California law. (Cntclm. ¶¶ 59, 121.) Platinum now moves to dismiss the Counterclaim - Fourth Claim for Relief.

## II. Legal Standard

This court has wide discretion to control its docket, and may dismiss a duplicative later-filed action. Adams v. Cal. Dep't. of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007). An action is the same if the causes of action, relief sought, and parties or privies are the same. Id. at 689.

## III. Discussion

PCD acknowledges that its Carmack Amendment claim in the prior-filed action is "identical" to the Carmack Amendment claim in this action. Plaintiff's Motion to Dimiss, SACV-09-516-DDP (Anx), Dkt. No. 61. PCD nevertheless attempts to distinguish this action by arguing that the "loss of insurance" claim brought here is distinct from its Carmack Amendment claim in the prior-filed case. This argument is not persuasive. This court's order dismissed all state law claims, concluding that "Carmack is the exclusive vehicle

---

[1](...continued)
currently at issue.

for a shipper seeking to recover losses from a carrier where the shipper's claims are *based on, or related to,* loss of property during interstate shipping. Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, SACV-09-516-DDP (Anx), Dkt. No. 37(emphasis added). PCD's ostensibly distinct "loss of insurance" claim is undoubtedly based on or related to the loss of property during interstate shipping. Thus, the only remaining claims in both the prior-filed action and this action are the identical Carmack Amendment claims. Accordingly, the court concludes that PCD's Counterclaim - Fourth Claim for Relief is duplicative of the earlier-filed action.

**IV. Conclusion**

For the reasons set forth above, the court grants the Motion to Dismiss Counterclaim.

IT IS SO ORDERED.


Dated: September 3, 2010

DEAN D. PREGERSON
United States District Judge