1  Dennis A. Cammarano/Bar No. 123662
   CAMMARANO LAW GROUP
2  555 East Ocean Boulevard, Suite 501
   Long Beach, California  90802
3  Tel:  (562) 495-9501
   Fax: (562) 495-3674
4  E-mail: dcammarano@camlegal.com

5  John A.V. Nicoletti, *pro hac vice*
   Nooshin Namazi, *pro hac vice*
6  Kevin J.B. O'Malley, *pro hac vice*
   NICOLETTI HORNIG & SWEENEY
7  Wall Street Plaza, 88 Pine Street, Seventh Floor
   New York, New York 10005
8  Tel: (212) 220-3830
   Fax: (212) 220-3780
9  jnicoletti@nicolettihornig.com
   nnamazi@nicolettihornig.com
10 komalley@nicolettihornig.com

11 *Attorneys for Plaintiff/Counterclaim Defendant/Crossclaimant*
   *Fireman's Fund Insurance Company*

*NOTE CHANGES MADE
BY COURT*

12

13              **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

15                  **WESTERN DIVISION**

16

| | |
|---|---|
| 17  FIREMAN'S FUND INSURANCE COMPANY, | Case No.: CV 09-04916 DDP (CWx) |
| 18                    Plaintiff, | |
| 19  vs. | |
| 20  PERSONAL COMMUNICATIONS DEVICES, LLC, | |
| 21                    Defendant. | **[PROPOSED]** **STIPULATED PROTECTIVE ORDER** |
| 22 | |
| 23 | |

24     WHEREAS the parties to this action, and to the action entitled *Personal Communications*

25 *Devices, LLC v. Platinum Cargo Logistics Inc., et al.*, Case No. CV 09-516-DDP (Anx),

26 (collectively, the "Actions"), which have been consolidated for the purposes of discovery,

27 agree that certain information, documents and things requested from the parties or from third-

28

parties during discovery in the Actions should be kept confidential in order to protect the legitimate business interests and privacy rights of the parties, third-parties and their respective business associates, and further agree that such information, documents and things may be eligible for protection under Fed. R. Civ. P. 26(c), and

WHEREAS the parties have stipulated to and request that the Court enter this Stipulated Protective Order,

IT IS HEREBY ORDERED as follows:

**1.     Proceedings and Form of Information Governed**

This Stipulated Protective Order ("Protective Order") shall govern any document, information or other thing furnished by any party or nonparty (a "producing party") to any other party or nonparty in connection with the Actions that is appropriately designated under the provisions of this Order.  The form of information protected includes, but is not limited to, documents produced in discovery, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, responses to subpoenas, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions of any of them.  This Protective Order shall be binding on the parties when signed regardless of whether or when the Court enters the Order. Nothing shall prevent a party from moving for an Order providing any of the additional protections available under Fed. R. Civ. P. 26(c) for good cause shown.

**2.     "Confidential Information" Defined**

The term "Confidential Information" means any document, information or thing that is designated "CONFIDENTIAL."  Any document, information or thing may be designated CONFIDENTIAL if the producing party in good faith determines it to contain confidential, commercially sensitive or proprietary information, including information related to any of the following: technical data, research and development information, marketing or other business plans, product or service information, customer information, trade secrets, competitive information, financial information of the producing party or another party, or any other information of such sensitivity to warrant treatment as Confidential Information under Fed.

R. Civ. P. 26 and applicable case law standards, including information in written, oral, electronic, graphic, pictorial, audiovisual or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. A receiving party may use Confidential Information designated as such under this Protective Order solely for the purpose of prosecuting or defending the claims asserted in the Actions and for no other purpose without leave of Court.

### 3. Designation of Information for Protection under This Order

#### (a) Timing and Method

Only documents, information or things the producing party reasonably believes to qualify for protection under Fed. R. Civ. P. 26(c) may be designated as "CONFIDENTIAL." That designation may be made by stamping or otherwise marking the material prior to production with the word "CONFIDENTIAL." In the case of written material, documents or tangible items, the party producing the information shall designate it as "CONFIDENTIAL" when it provides the information to the other party ("the receiving party"). In the case of deposition testimony, paragraphs 11 and 12 shall apply.

#### (b) Inadvertent Production

If a party or nonparty, through inadvertence, produces or provides any Confidential Information without first labeling, marking or designating it as "CONFIDENTIAL" then the producing party may, within thirty days after the discovery of the inadvertent production, give written notice to the receiving party or parties that the document, thing, transcript or other information is "CONFIDENTIAL" and should be treated in accordance with the provisions of this Protective Order. The receiving party or parties must thereafter treat the document, thing, transcript or other information accordingly from the date such notice is received. No party shall assert that disclosure waived any privilege or any protection provided under the terms of this Protective Order. Disclosure of the document, thing, transcript or other information prior to receipt of notice to persons not authorized to receive it shall not be deemed a violation of this Protective Order; the receiving party shall promptly advise those

persons to whom it made disclosure that the material disclosed was "CONFIDENTIAL" and must be treated in accordance with this Protective Order.

**4.     Disclosure of "CONFIDENTIAL" Information**

The receiving party may disclose documents, information contained therein, other information and other things designated "CONFIDENTIAL, subject to paragraph 5, below, to and only to:

(a)     the attorneys of record in the Actions and any non-in-house attorneys of a party retained in the Actions to consult on the litigation, and their associates, clerks, legal assistants, stenographic and support personnel, and independent organizations retained by those attorneys to provide litigation support services in the Actions, including their employees;

(b)     independent experts and consultants retained in the Actions and their employees;

(c)     officers, directors or employees of a party ;

(d)     in-house counsel and their respective legal assistants and other support personnel;

(e)     persons permitted under paragraph 10 below;

(f)     court reporters, videographers and court personnel, provided the Confidential Information is returned to the party utilizing the Confidential Information at the conclusion of the deposition, hearing or trial, as the case may be;

(g)     trial consulting services, including mock jurors, retained by a party;

(h)     photocopy, document imaging and database services and consultants retained by counsel to set up, maintain or operate computer systems, litigation databases or to convert data for inclusion in a database;

(i)     other persons hereafter designated by written agreement of all parties in the Actions or by Order of the Court, permitting disclosure;

(j)     witnesses during discovery and witnesses for trial or for purposes of preparation of such witnesses; and

(k)     the party's insurers, and its agents, employees and attorneys; and

(l)     the Court, its clerks, deputies and staff.

**5.     Declarations by Persons Receiving Confidential Information and Disclosure to Experts**

(a)     As a condition precedent to disclosure of Confidential Information to the individuals identified in subparagraphs 4(b), (g), (i) and (j), each individual must acknowledge receipt and understanding of this Protective Order and agree (i) to be bound by it, (ii) to use Confidential Information solely for the Actions and (iii) not to disclose Confidential Information to any person, firm, corporation or other entity not permitted to have access to it pursuant to the terms of this Protective Order.  A form of undertaking for this purpose is attached as Exhibit A.  Counsel who has provided Confidential Information to an individual shall maintain a copy of each executed Exhibit A.

**6.     Use of Confidential Information**

The receiving party and persons to whom it is disclosed may use Confidential Information solely in preparation for trial including motion practice and discovery, mediation, and during the trial of the Actions and any post trial and appellate proceeding concerning the Actions and may not use it for any business or other purpose, unless the disclosing party agrees in writing or the Court issues an Order permitting such use.  No person who receives Confidential Information shall disclose it to any person not permitted under this Protective Order to receive it.

The parties may by written stipulation signed by counsel for each party provide for exceptions to this Order.  Any party may seek an Order of this Court modifying this Protective Order.  This Order shall not prevent a party from contending in Court that information is or is not in fact Confidential Information.

**7.     Court Procedures**

Pleadings or other papers filed with or otherwise submitted to the Court that contain or annex Confidential Information shall be submitted for filing ~~filed~~ in sealed envelopes on which shall be endorsed the title and case number of the appropriate action, an indication of

the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL" and the following statement: "Filed Under Seal Pursuant To Protective Order." Any pleadings or other papers shall not be submitted ~~filed~~ or served electronically, but instead shall be submitted for filing ~~filed~~ and served in accordance with Local Rule 79-5 of this Court. Any such pleading or other paper shall remain sealed during the pendency of the action and, subject to further court order. ~~at the final disposition of the action, shall be returned by the Clerk of the Court to the party who filed it.~~

Any Court hearing that refers to or describes Confidential Information shall, in the Court's discretion, be held *in camera*. The party seeking to use Confidential Information at the hearing shall have the burden of requesting an *in camera* hearing.

**8. Party's Own Information**

The restrictions on the use of Confidential Information established by this Protective Order are applicable only to the use of Confidential Information received by a party from another party or from a nonparty. A party is free to do whatever it desires with its own Confidential Information.

**9. Objections**

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge.

A party may object to any designation of Confidential Information under this Order using the following procedure:

(a) The objecting party or person shall give counsel of record for the party asserting the protection written notice, stating the reason for its objection and specifying the document by production number, information or other thing as to which the party objects.

(b) If the parties cannot reach agreement concerning the matter within five business days after delivery of the notice or such shorter time as the Court may allow, then the objecting party may file and serve a motion for an Order of the Court to alter its designation as Confidential Information. The objecting party must file its motion

within ten business days after the expiration of the five-business-day period referred to in this subparagraph. The motion shall be set for the earliest possible date on the Court's motion calendar and shall not be continued without the consent of all parties. The protections of this Order shall continue to apply to the objected-to document, information or thing pending a decision by the Court. The designating party has the burden to establish that the challenged Confidential Information is confidential and entitled to the protection this Protective Order provides.

**10.    Disclosure to Author or Addressee**

Nothing shall prohibit a party, or its counsel, from disclosing any document designated as "CONFIDENTIAL" to the person who is the author, addressee or prior recipient of the document. None of the provisions of this Order shall apply to that disclosure.

**11.    Depositions**

Any Party or person giving testimony in these proceedings may designate a portion of his or her testimony deemed to contain Confidential Information by advising the court reporter. The reporter shall separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the words "CONFIDENTIAL." In addition, any party may designate depositions or portions of them as Confidential Information in accordance with this Protective Order by notifying the other party in writing within ten business days of receipt of the transcript. Until that time has expired, every deposition transcript shall be considered Confidential Information in its entirety. In the event a party designates a deposition or a portion of it as Confidential Information, the portion of the transcript so designated shall be separated and marked "Confidential".

**12.    Exclusion From Deposition**

Whenever any documents, information or other things designated as "CONFIDENTIAL" are to be discussed or disclosed in a deposition, any party claiming confidentiality may exclude from the room any person, party or representative of party who is not entitled to receive documents, information or other things designated as "CONFIDENTIAL" as appropriate, unless this Court orders otherwise.

///

### 13.    Subpoenas

In the event any person or party subject to this Order having possession, custody or control of any Confidential Information receives a subpoena or other process or Order to produce information in a different proceeding or case, that person or party shall promptly notify in writing the attorneys of record in this case of the party claiming such confidential treatment of the item, document or information sought by such subpoena or other process or order, shall furnish those attorneys of record in this case with a copy of said subpoena or other process or order, and shall provide reasonable cooperation with respect to any procedure to protect that information.  If the party asserting confidentiality makes a motion to quash or modify a subpoena, process or order, unless otherwise ordered by a court of competent jurisdiction, there shall be no disclosure of the subject matter objected to pursuant to the subpoena, process or order until the Court having jurisdiction over the controversy has ruled upon the motion and then only in accordance with the ruling so made.  If no such motion is made despite a reasonable opportunity to do so, any person or party subject to this Order who receives any subpoena or other process or order in a different proceeding or case shall be entitled to comply with such subpoena process or order.

### 14.    No Waiver

Other than as specified in this Protective Order, neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order, nor the failure to object to any designation shall constitute a waiver of any right to seek and obtain protection or relief in the Actions or any other action, retroactively or otherwise, including, but not limited to, the right to claim that any information is or is not proprietary to any party or nonparty, is or is not entitled to protection under this Protective Order, does or does not embody trade secrets of any party or nonparty or is not then subject to discovery.  The procedures this Order sets forth shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices.  The execution of this agreement by any

party shall not prevent that party from objecting to any discovery request on grounds allowed by the Federal Rules of Civil Procedure.

### 15. No Probative Value

This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information. The fact that information is designated "CONFIDENTIAL" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary and shall not be used for or against the party asserting, invoking or arguing for or against the designation for any purpose. This Protective Order is without prejudice to the right of any party or nonparty to bring before the Court the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than this Protective Order provides; or (iii) whether any particular information or material is or is not relevant to any issue of this case. This Protective Order shall not be admissible during the trial of the Actions, nor shall the jury be advised of its contents. The fact that any information is disclosed, used or produced in discovery or trial shall not be construed as an express or implied determination or deemed admissible or offered in any action or proceeding before any court, jury, agency or tribunal as evidence of or concerning whether or not information is confidential or proprietary.

### 16. Return of Information

Within sixty days after the conclusion of the Actions whether by judgment and exhaustion of all appeals or by settlement, and upon written request made by the producing party, all documents and information made subject to this Protective Order, and all copies, shall be, at the direction of the producing party, (i) delivered to the party that furnished such Confidential Information or (ii) in lieu of delivery to the furnishing party, destroyed, in which event the receiving party, upon request, shall give written notice of such destruction to the producing party. As part of compliance with a written request, the attorneys of record for the receiving party shall ensure that all the Confidential Information in the possession, custody

or control of their clients, experts and consultants is also destroyed or returned to the party that furnished such Confidential Information. In no event shall a party, its experts or consultants retain a copy of any Confidential Information produced to it. Notwithstanding the foregoing, counsel of record in the Actions may retain one copy of the production materials, all pleadings and motions filed with the Court or served upon counsel and may retain one copy of each transcript of any depositions taken in the Actions, including any exhibits referenced, provided, however, that access to Confidential Information contained in pleadings, depositions and exhibits shall be limited to counsel of record for its own internal use and not be provided to anyone without the express prior written permission of counsel of record for the producing party or pursuant to a Court order.

**17. Miscellaneous**

Nothing in this Protective Order shall preclude any party to the proceeding or their attorneys from:

(a)     Disclosing or using, in any manner or for any purpose, any information, documents or things obtained from a source other than discovery or to which a party has a right of access independent of discovery.

(b)     Disclosing or using, in any manner or for any purpose, any information, document or thing that is at the time of production or disclosure or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the public through publication or otherwise or is already rightfully in the possession of the receiving party at the time of production.

///

///

///

///

///

///

///

**18.    Court's Jurisdiction**

The provisions of this Protective Order regarding the use and disclosure of Confidential Information shall survive the termination of the Actions.  The Court shall retain jurisdiction with respect to this Protective Order.


IT IS SO ORDERED.


Dated:   June 13, 2011                    _Carla M. Woehrle_

                                         UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**DECLARATION REGARDING RECEIPT**

**OF CONFIDENTIAL INFORMATION**

I,_____, declare that:

l.    My address is _____, and the address of my present employer is _____.

2.    My present occupation or job description is _____
_____.

3.    My present relationship to plaintiff/defendant is _____
_____.

4.    I have received a copy of the Stipulated Protective Order (the "Protective Order") in this action.

5.    I have carefully read and understand the provisions of the Protective Order, agree to be bound by it and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order.

6.    I understand that I am to retain all copies of any of the materials that I receive that have been so designated as Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will destroy or return to counsel all confidential documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

7.    I understand that the use of Confidential Information in any manner contrary to the provisions of the Protective Order may subject me to sanctions of the Court for contempt.

8.    I hereby irrevocably submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the Protective Order and the obligations I am undertaking by executing this declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____day of _____, 20__, in the State of _____.


                                    _____
                                    Signature